UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Onofre Lopez,                      ) | CASE NO. 1:13 CV 1930 |
|                                              ) | |
|         Plaintiff,         ) | JUDGE PATRICIA A. GAUGHAN |
|                                              ) | |
|    Vs.                              ) | |
|                                              ) | |
| City of Cleveland, et al.,          ) | **Memorandum of Opinion and Order** |
|                                              ) | |
|       Defendants.          ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant City of Cleveland's Motion to Dismiss (Doc. 7). This is a civil rights case. For the reasons that follow, the motion is GRANTED in PART and DENIED in PART. Counts four, five, and six are hereby DISMISSED. Count two, however, remains pending.

**FACTS**

Plaintiff, Onofre Lopez, brings this action as the Administrator of the Estate of Illuminado Lopez ("Papo") against defendants, City of Cleveland ("City" or "defendant"), Amy Carraway, Donato Daugenti, Amy Milner, David Schramm, and Michael Tankersley.

1

For the purposes of ruling on defendant's motion, the facts of the complaint are presumed true.

On July 29, 2011, Papo was visiting family members when an altercation broke out. Papo's family members called the police. When the police arrived, Papo was sitting in the middle of the street holding a machete. The police officers ordered Papo to drop the knife, but he did not comply. The police officers then tasered Papo with little effect. Backup officers arrived at the scene and also tasered Papo with little effect. Ultimately, one of Papo's sisters approached Papo in an effort to get Papo to give up the machete. Papo turned toward his sister and the officers fired seven shots at Papo. He later died of these wounds.

Thereafter, plaintiff filed this lawsuit containing six claims for relief. Count one is a Section 1983 claim against the individual officers for excessive force. Count two is a claim for "governmental liability" against the City. Count three asserts gross negligence and assault and battery against the individual officers. Count four is a claim for negligent and/or intentional infliction of emotional distress against all defendants. Counts five and six are against all defendants and assert claims for wrongful death and "survival action," respectively.

Defendant City moves to dismiss the claims against it and plaintiff opposes the motion.

**STANDARD OF REVIEW**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint

2

must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Id*. at 1949 (citations and quotations omitted). *See also, Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603 (6th Cir.2009).

**ANALYSIS**

1. *Monell claim*

The City argues that count two must be dismissed because plaintiff fails to satisfy Rule 8's pleading requirements. Specifically, defendant argues that the complaint does not set forth

3

any facts supporting the theory that the City's customs or policies were a moving force behind plaintiff's injuries.  According to the City, plaintiff must allege "prior instances of unconstitutional conduct demonstrating that the City has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." The City argues that plaintiff fails to plead any facts supporting the assertion that the City failed to "adequately discipline or terminate officers who city [sic] knew violated constitutional rights of citizens on prior occasions, including but not limited to Tankersley."

In response, plaintiff argues that the City fails to cite to the relevant portions of the complaint.  For example, plaintiff points out that the complaint references prior occasions of excessive force engaged in by Tankersley.  Thus, this is not a situation where the complaint is entirely devoid of supporting facts.  According to plaintiff, the complaint meets the notice pleading requirements contained in Rule 8.

> To establish municipal liability under section 1983, the plaintiff must establish that: (1) the plaintiff's harm was caused by a constitutional violation; and (2) the city was responsible for that violation. Municipalities are liable for harms resulting from a constitutional violation only when the injury resulted from an implementation of [the municipality's] official policies or established customs.  There are at least four avenues a plaintiff may take to prove the existence of a municipality's illegal policy or custom. The plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations.

*Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009)(citations and quotations omitted).

Upon review, the Court finds that dismissal of count two is not warranted.  As plaintiff points out, the complaint alleges the following:

- [On] December 28, 1992, many years prior to the incident that is the subject of this lawsuit, Tankersley choked and killed a man, Mr. Michael Pipkins, while on duty as a CPD officer;

- The Cuyahoga County Medical Examiner ruled the death a homicide but Tankersley was never criminally charged and was only disciplined nominally by the CPD despite this obvious use of excessive force;

- In 1995, three years later and likewise prior to the incident that is the subject of this lawsuit, Tankersley was charged with felonious assault with a firearm and vandalism for attacking a man and then breaking into the man's home;

- City fired Tankersley for this conduct but he was later reinstated;

- Tankersley plead guilty to one count of misdemeanor assault as a result of this misconduct; and

- [At] the time of the incident that is the subject of this lawsuit, the City had actual knowledge of Tankersley's violent propensities and intentionally disregarded that knowledge and allowed him to work as an armed and dangerous police officer, subjecting the general public, including Papo, to Tankersley's predictable violent nature.

In addition, plaintiff alleges that the City's policies sanction the use of excessive force by failing to adequately discipline or terminate "officers who city [sic] knew had violated the constitutional rights of citizens on prior occasions, including but not limited to Tankersley."  The Court finds that the aforementioned facts and allegations are sufficient to put the City on notice of the claim against it in count two.  The complaint contains explicit allegations regarding alleged constitutional violations committed by Tankersely in the past and further alleges that the City rehired Tankersley even in light of the alleged misconduct.[1]  In addition, read broadly,

---

[1] The City attaches the decision of an arbitrator to its reply brief and requests that the Court take judicial notice of the opinion.  According to the City, the opinion establishes that the City did not rehire Tankersley.  The Court declines to take judicial notice of the opinion in that it does not support the City's position.  It makes no mention of rehiring Tankersley and instead upholds the decision of the City to discipline Tankersley for his actions related to Pipkins's death.

plaintiff alleges that the City had a policy of failing to adequately discipline or terminate officers who violated the constitutional rights of citizens on prior occasions.  *See*, Compl. ¶ 58.   The Court cannot say that plaintiff fails to state a claim for relief.   These facts are sufficient to allege "a custom of tolerance or acquiescence of federal rights violations."  Accordingly, the motion is denied as to count two.

>2.  State law claims (counts four, five, and six)

Defendant argues that it is entitled to statutory immunity under O.R.C. § 2744 with respect to plaintiff's state law claims.  According to defendant, the misconduct arises from the provision of police services.  Therefore, statutory immunity applies.  In response, plaintiff argues that discovery is necessary before this issue can be decided.

Upon review, the Court finds that dismissal is warranted.  O.R.C. §2744(A)(1) provides as follows:

> For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

Division (B) outlines five exceptions to the immunity statute.  Broadly speaking, these exceptions include: (1) claims involving motor vehicle accidents; (2) negligent acts engaged in by employees with respect to proprietary functions; (3) claims involving public roads; (4) claims involving physical defects in buildings; and (5) claims where liability is imposed by Ohio statute.

In this case, plaintiff expressly alleges that the claims at issue involve police services.[2] There are no allegations that would even arguably create an exception to the immunity statute. Although plaintiff argues that discovery is needed before the state law claims can be dismissed, the Court rejects the argument. It is readily apparent from the face of the complaint that statutory immunity is warranted and defendant does not attempt to argue that a particular exception applies. The Court finds that, given the lack of allegations even arguably related to an exception to the immunity statute, discovery is not necessary to resolve this issue. Accordingly, the state law claims asserted against the City are dismissed.

3. Punitive damages

Defendant argues that punitive damages are not available against municipalities. Plaintiff concedes and agrees to dismiss the request for punitive damages.

**CONCLUSION**

For the reasons stated above Defendant City of Cleveland's Motion to Dismiss is GRANTED in PART and DENIED in PART. Counts four, five, and six are hereby DISMISSED. Count two, however, remains pending.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 12/13/13

---

[2] The provision of police services is a governmental, not a proprietary, function. *See*, O.R.C. § 2744.01(C)(2)(a). Therefore, exception two does not apply.